**XIU ER ZHOU, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 07–72996.**

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2010.*

Filed April 6, 2010.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Scott Bratton, Margaret Wong & Associates Co., LPA, Cleveland, OH, for Petitioner.

Joan E. Smiley, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

### MEMORANDUM **

Xiu Er Zhou, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion. *Lin v. Holder,* 588

** This disposition is not appropriate for publication and is not precedent except as provid-

F.3d 981, 984 (9th Cir.2009). We deny the petition for review.

The BIA did not abuse its discretion in denying Zhou's motion to reopen as untimely because Zhou filed the motion more than twelve years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and her evidence did not show that the family planning laws or enforcement of those laws in China has materially changed since her removal hearing, *see Lin,* 588 F.3d at 988. Further, "the birth of children outside the country of origin is a change in personal circumstances that is not sufficient to establish changed circumstances in the country of origin within the regulatory exception to late-filed" motions to reopen. *Id.* at 986 (quoting *He v. Gonzales,* 501 F.3d 1128, 1132 (9th Cir.2007)). Accordingly, the BIA's determination that Zhou failed to show a material change in country conditions in China, particularly in the Fujian province, was not "arbitrary, irrational, or contrary to law." *Id.* at 988 (quoting *He,* 501 F.3d at 1131).

Zhou's contention that she should have been permitted to file a successive asylum application is foreclosed. *See Lin,* 588 F.3d at 989 (rejecting petitioner's argument that, independent from her motion to reopen, she was entitled to file a freestanding successive asylum application).

**PETITION FOR REVIEW DENIED.**